MEMORANDUM **
Rosana Giordano’s application for disability insurance benefits under Title II of the Social Security Act was denied at all levels of the administrative process and by the district court. We affirm the denial.
The ALJ gave specific and legitimate reasons for discounting the limitations identified in the 2004 questionnaire by Dr. Saadi. The ALJ was not required to give Dr. Saadi’s opinion controlling weight because it was not well-supported by objective medical evidence and conflicted with other medical opinions. Lester v. Chater, 81 F.3d 821, 830 (9th Cir.1995); cf. 20 C.F.R. § 404.1527(d)(2) (2007); Soc. Sec. Ruling 96-2p. Since the ALJ found Giordano “not fully credible,” he was entitled to reject Dr. Saadi’s assessment to the extent that it was based on Giordano’s self-reported limitations. Tommasetti v. Astrue, 533 F.3d 1035, 1040-41 (9th Cir.2008). Given that Dr. Saadi identified an onset date of which he had no firsthand knowledge, the ALJ could reasonably infer that Dr. Saadi relied on her subjective complaints when determining other limitations.
The ALJ’s conclusions were not based on a selective analysis of the record. Rather, the ALJ comprehensively discussed the evidence that supported and undermined Giordano’s claims before mak *509 ing his determinations at each step. Nothing more was required. In evaluating the evidence, the ALJ was not required to discuss every treatment note. Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984).
The ALJ and Appeals Council did not err in finding any alleged mental-impairment not severe. Giordano failed to meet her burden of proving that her alleged mental impairments “significantly limit[] [her] physical or mental ability to do basic work activities.” 20 C.F.R. § 404.1520(c) (2007); see also Burch v. Barnhart, 400 F.3d 676, 682-83 (9th Cir. 2005). It was not unreasonable for the Appeals Council to accord Dr. Devine’s letter and assessment little weight, since he was not a treating source, see 20 C.F.R. § 404.1527(d) (2007), and his opinion was unsupported by any objective medical evidence. See Ukolov v. Barnhart, 420 F.3d 1002, 1005 (9th Cir.2005) (“[Rjegardless of how many symptoms an individual alleges, or how genuine the individual’s complaints may appear to be, the existence of a medically determinable physical or mental impairment cannot be established in the absence of objective medical abnormalities .... ” (alteration in original) (quoting Soc. Sec. Ruling 96-4p)); 20 C.F.R. § 404.1528(a) (2007) (“[Statements alone are not enough to establish that there is a physical or mental impairment.”). The ALJ was not required to undertake a functional assessment of Giordano’s depression since Giordano did not meet her burden of showing a medically determinable impairment at step two. See 20 C.F.R. § 404.1520a(b) (2007).
The ALJ gave clear and convincing reasons for rejecting Giordano’s testimony to the extent that her complaints would make her incapable of performing even light work. It was reasonable for the ALJ to conclude that Giordano’s testimony overstated her actual limitations, based on Giordano’s failure to follow recommended medical treatment, inconsistency with the objective medical evidence, and effective pain management with relatively conservative treatment. See Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir.2002); Soc. Sec. Ruling 96-7p. These significant inconsistencies constitute substantial evidence. Burch, 400 F.3d at 681.
The ALJ did not err in finding that Giordano was “not disabled” at step four. The assessment was supported by substantial evidence, including objective medical evidence and the report by the state agency physicians. In making this determination, the ALJ was entitled to give less weight to the portions of Giordano’s testimony that the ALJ had found not credible. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir.2005); 20 C.F.R. § 404.1529(c)(4), (d)(4) (2007); Soc. Sec. Ruling 96-7p. It was also reasonable for the ALJ to conclude that Giordano could return to her past relevant work, given that Giordano’s own description of her past jobs accommodated all of the limitations. See Magallanes v. Bowen, 881 F.2d 747, 756 (9th Cir.1989). It was not error to omit limitations that the ALJ properly found not credible. Bayliss, 427 F.3d at 1217; see also Fair v. Bowen, 885 F.2d 597, 605 (9th Cir.1989).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.